UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RONALD JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-834 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| ) | |
| (UNKNOWN) SMITH et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility (ECF). Plaintiff sues the following ECF employees in their individual and official capacities: (Unknown) Smith, Corrections Officer; Cindi Curtin, Warden; Lieutenant (Unknown) Kowalski; (Unknown) Downing, Corrections Officer; (Unknown) Panzer, Assistant Deputy Warden; (Unknown) Pelton, Grievance Coordinator; (Unknown) MacDonald, Hearing Investigator; and (Unknown) Sharp, Administrative Assistant.

Plaintiff alleges that on June 3, 2005, Defendant Smith issued a ticket to Plaintiff for being out of place. The ECF librarian, Ms. Stroubel, submitted a written statement explaining that she had authorized Plaintiff to leave his work detail in the law library. The ticket was dismissed without a hearing. On June 24, 2005, while Plaintiff was working in the law library, he witnessed Defendant Smith verbally and physically abusing Ms. Stroubel because of the letter she had written on Plaintiff's behalf. The following day, June 25, 2005, when Plaintiff passed Defendant Smith in the yard, Defendant Smith looked at Plaintiff in a menacing manner and smiled. This caused Plaintiff to become fearful that Defendant Smith or his co-workers intended to retaliate against Plaintiff. Plaintiff allegedly experienced an anxiety attack for which he sought medical treatment. Progress notes prepared by ECF health care provider Craig Mantey, RN, state in relevant part that Plaintiff "had upper gastric di[s]comfort . . . ABD hyperactive sounds. no other problems, gave antacid . . . ."

While at the health care center, Defendants Kowalski and Downing informed Plaintiff that they were friends of Defendant Smith and implied that if Plaintiff did not forget about what happened between Defendant Smith and Ms. Stroubel, Plaintiff would be placed in administrative segregation. Plaintiff states that since this incident, "there is a continuing pattern of staff corruption and harassment on the part of defendant's [sic] directed towards Plaintiff."

Plaintiff is asserting a claim under the Eighth Amendment, and seeks $75,000 in compensatory and punitive damages.

II.     Exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show that he has exhausted his administrative remedies as to six of the eight Defendants. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. The MDOC provides a three-step

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint to file this action and attached copies of his grievances through Step III.

prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoners may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process and "administratively exhaust his . . . claim as to each defendant associated with the claim." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (stating that prisoner must "file a grievance against the person he ultimately seeks to sue"); *accord Harbin-Bey v. Rutter*, 420 F.3d 571, 581 (6th Cir. 2005); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance."). To exhaust a claim against a particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process." *Burton*, 321 F.3d at 574. Raising allegations against a particular defendant for the first time at Step II or III, including a violation of the grievance procedures, is insufficient to demonstrate exhaustion. *Id.* at 576 n.4.

Plaintiff filed grievance ECF 2005-06-1394-17A, naming Defendant Kowalski "and three other officers" at Step I, and filed grievance ECF 2005-07-1477-28G, naming only Defendant Smith at Step I. He pursued both grievances through Step III. Plaintiff also filed a grievance directly to Step III alleging staff corruption in the grievance process and naming Defendants Curtin, Panzer,

Pelton and McDonald.[2] The grievance (Step III ID: 177886, 28b) was rejected and returned to Plaintiff. Plaintiff was informed that he could re-submit the grievance at ECF at the Step I level. There is no evidence that Plaintiff took this step. Accordingly, Plaintiff has failed to exhaust his administrative remedies with regard to Defendants Curtin, Downing, Panzer, Pelton, MacDonald or Sharp.

Generally, a civil rights action containing both exhausted and unexhausted claims must be dismissed without prejudice for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

---

[2] A prisoner may file a grievance directly to Step III regarding alleged racial or ethnic discrimination, staff brutality, or staff corruption. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ S (effective 12/19/03).

810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennen*, 511 U.S. 825, 834 (1991) (quoting *Rhodes*, 452 U.S. at 347); *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Section 1997e(e) of the PLRA states that "[n]o federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g., Jarriett v. Wilson*, 414 F.3d 634, 640 (6th Cir. 2005); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th

Cir. 2003); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001). Although the physical injury need not be significant, it must be more than *de minimis*. *Jarriett*, 414 F.3d at 640 (finding swelling, pain and cramps in leg after being released from search cell was *de minimis* injury); *Luong v. Hatt*, 979 F.Supp. 481, 485 (N.D. Tex. 1997) (finding minor abrasions on forearm and chest, slight swelling of the jaw, swollen wrist, cuts on face and tongue, and a bloody nose were *de minimis*); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (finding two small bruises and minor cuts were *de mimimis* injuries); *Fuller v. Cocran,* No. 1:05-cv-76, 2005 WL 1802415, at *3 (W.D. Tenn. 2005) (finding the plaintiff's pain from being choked by defendant and slightly bleeding wrists from handcuffs was *de minimis* injury). Plaintiff's single episode of upper gastric discomfort clearly cannot be considered more than a *de minimis* physical injury. Accordingly, Plaintiff's claim for mental anguish is barred by 42 U.S.C. § 1997e(e).

Plaintiff's alleged angst arose as a result of Defendant Smith's menacing look and Defendants Kowalski and Downing's implied threats to place Plaintiff in administrative segregation. However, even if Plaintiff's claim was not barred by § 1997e(e), allegations of verbal harassment or threats, although deplorable, do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL

22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against the Defendants arising from their alleged menacing looks and implied threats.

Finally, Plaintiff's allegation that Defendants are engaging in a "continuing pattern of staff corruption and harassment" towards Plaintiff is not supported by factual allegations. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Date:   January 13, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE